IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| THOMAS M. and NANCY N. MCGRAW, DONALD HARMS, PATRICIA PESTKA, and DALE MONTROSS,<br><br>Plaintiffs,<br><br>vs.<br><br>WACHOVIA SECURITIES, LLC, as Successor-in-Interest to A.G. EDWARDS, INC.; KAREN BALLHAGEN; and WELLS FARGO INVESTMENT GROUP, INC., as Successor-In-Merger to SECURITIES CORPORATION OF IOWA,<br><br>Defendants. | No. C08-2064<br><br>RULING ON MOTION TO STRIKE |

This matter comes before the Court on the Motion to Strike Plaintiffs' Purported Experts (docket number 64) filed by Defendants Wachovia Securities, LLC and Wells Fargo Investment Group, Inc. on August 13, 2009; the Resistance (docket number 65) filed by the Plaintiffs on August 31, 2009; and the Amended Reply Brief (docket number 69) filed by Defendants on September 3, 2009. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. RELEVANT FACTS

This action was initiated on September 30, 2008, with the filing of a Petition at Law (docket number 4) in the Iowa District Court for Black Hawk County. The action was removed to the United States District Court for the Northern District of Iowa on October 28, 2008. The Complaint was amended on January 20, 2009 and again on April 22, 2009.

1

On March 24, 2009, the Court entered a Scheduling Order and Discovery Plan (docket number 34). Among other things, the Court established a July 1, 2009 deadline for disclosure of expert witnesses by Plaintiffs, with Defendants' experts to be disclosed not later than September 1, 2009. The discovery deadline was set on December 1, 2009, with dispositive motions due not later than January 1, 2010. The case was then set for trial before Chief Judge Linda R. Reade on May 17, 2010. *See* docket number 35.

On June 25, 2009, six days before the deadline for disclosing their expert witnesses, Plaintiffs filed an unresisted motion to continue the trial and establish new scheduling deadlines. *See* docket number 56. In their motion, Plaintiffs acknowledged that "the expert deadline approaches but no written or oral discovery has yet taken place." Counsel for Defendants did not object to the relief requested by Plaintiffs. On June 29, however, the Court entered an Order denying Plaintiffs' requested continuance of the trial and extension of the pretrial deadlines. In finding that Plaintiffs had failed to show good cause for the relief requested, the Court noted that it had earlier advised counsel that the deadlines established by the scheduling order would be enforced. *See* docket numbers 57 and 46.

On July 1, 2009, the deadline for disclosing their expert witnesses, Plaintiffs identified three experts: Timothy J. Lyle, Alan D. Ryerson, and James D. Nalley. However, Plaintiffs did not produce any reports at that time, setting forth the experts' opinions. Defendants ask that the Court "strike" Plaintiffs' experts for failing to comply with FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2).

## II. DISCUSSION

### A. Non-compliance with the Rules.

FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2)(A) requires a party to disclose the identity of any expert witnesses it may use at trial. If the expert witness is "retained or specially employed to provide expert testimony in the case," then the disclosure "must be accompanied by a written report -- prepared and signed by the witness." *See* Rule

26(a)(2)(B). The report must contain a statement of the witness's opinions and the reasons for them, the information upon which the witness relied, any exhibits that will be used to support the opinions, the witness's qualifications, a list of other cases in which the witness has testified in the previous four years, and a statement of the compensation to be paid to the witness. *See* Rule 26(a)(2)(B)(i)-(vi).

Local Rule 26.b requires the parties to "disclose their expert witnesses in accordance with the requirements of Federal Rules of Civil Procedure 26(a)(2)(A) and (B)" not later than the deadline established in the scheduling order. Here, Plaintiffs were ordered to disclose their expert witnesses not later than July 1, 2009. Plaintiffs identified their expert witnesses on that date, in compliance with Rule 26(a)(2)(A). Since the witnesses were retained or specially employed to provide expert testimony in this case, however, the Rules required the disclosure be accompanied by a written report, prepared and signed by the witnesses. *See* Rule 26(a)(2)(B). It is undisputed that Plaintiffs failed to comply with this requirement.[1] "The Eighth Circuit Court of Appeals has repeatedly held that the failure to disclose an expert report is a failure to disclose under Rule 26." *Benedict v. Zimmer, Inc.*, 232 F.R.D. 305, 315 (N.D. Iowa 2005)(citing *Trost v. Trek Bicycle Corp.*, 162 F.R.D. 1004, 1008 (8th Cir. 1998)).

FEDERAL RULE OF CIVIL PROCEDURE 37(c)(1) states that if a party fails to provide information or identify a witness as required by Rule 26(a), then the party is not allowed to use that witness to supply evidence "unless the failure was substantially justified or is harmless." *See also Firefighters' Institute for Racial Equality v. City of St. Louis*, 220 F.3d. 898, 902 (8th Cir. 2000)("Unless the failure to meet a deadline was either harmless or substantially justified, the court may sanction a party by excluding its evidence."); *Crump v. Versa Products, Inc.*, 400 F.3d 1104, 1110 (8th Cir. 2005)(same). Plaintiffs

---

[1] Plaintiffs concede that "[w]ritten reports were not submitted with the plaintiffs' expert witness designation." *See* Plaintiffs' Resistance to Defendants' Motion to Strike, ¶ 9 at 5 (docket number 65 at 5).

3

argue that they made "good faith efforts" to comply with the July 1 deadline for designating expert witnesses, and the failure to provide the required written reports "was substantially justified and is harmless."[2]

### B. Was Plaintiffs' failure to comply "substantially justified?"

The facts regarding discovery must be gleaned from a review of Plaintiffs' resistance to the instant motion, and Defendants' amended reply. According to their resistance, Plaintiffs served written interrogatories and requests for production of documents on Wachovia in October 2008, while the case was still pending in state court.[3] Wachovia did not respond to the discovery requests, apparently believing that the state court discovery became "null and void" after the case was removed to federal court. Eight months later, Plaintiffs finally inquired regarding the status of discovery and "it was only then" that Wachovia told Plaintiffs that it did not intend to respond.[4] Plaintiffs then served additional discovery requests. In their Reply, Defendants assert that "Plaintiffs served a substantially different set of requests on the presently-named Defendants on July 31, 2009 – thirty (30) days after [Plaintiffs'] expert-report deadline."[5] Defendants stated that the responses would be served timely.

Plaintiffs claim that their failure to comply with the disclosure deadline resulted from Defendants' failure to respond to Plaintiffs' discovery requests. A similar argument was made, and rejected by the Court, in *Benedict v. Zimmer, Inc.*, 232 F.R.D. 305 (N.D. Iowa 2005). There, the scheduling order required the plaintiffs to disclose their expert witnesses by February 22, 2005. On February 15, 2005 (ten days

---

[2] *Id.*, ¶ 10 at 5 (docket number 65 at 5).

[3] In their reply, Defendants assert the initial discovery was served in September 2008. The action was removed to the Northern District of Iowa on October 28, 2008.

[4] *See* Plaintiffs' Resistance to motion to strike at 3, n. 2 (docket number 65 at 3).

[5] *See* Defendants' Amended Reply at 2 (docket number 69 at 2).

prior to the deadline), the plaintiffs mailed a designation of expert witnesses to the defendant, identifying the names and occupations of two potential expert witnesses. However, the designation did not include any expert reports. *Id.* at 307. The defendant did not immediately object and, in fact, filed an unresisted motion -- which was granted by the court -- to extend the deadline for disclosing its expert witnesses. Later, after efforts at mediation proved unsuccessful, the defendant filed a motion for summary judgment and argued that the plaintiffs were precluded from relying on any expert testimony since "they never supplied any expert reports as required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule 26.1(b)." *Id.* at 308.

The plaintiffs responded by filing a "Motion for Leave of Court to Provide Expert Report Upon Completion of Discovery." First, the plaintiffs argued that they had complied with the discovery order since they had disclosed the names and occupations of the experts by the disclosure deadline. Alternatively, the plaintiffs argued that if production of the expert reports was required by the disclosure deadline, "they were justified in not disclosing the expert reports because no depositions had taken place." *Id.* In their brief, the plaintiffs argued that "[i]f the Court intended the disclosure of expert witness deadline to also apply to expert reports, the Plaintiffs contend that these discovery matters constitute a sufficient showing of good cause for the Court to grant Plaintiffs leave to serve the expert report as soon as practicable and no later than 90 days prior to trial." *Id.* at 309.

The Court in *Benedict* rejected the plaintiffs' arguments. The Court noted that Local Rule 26.1.b requires disclosure in compliance with FED. R. CIV. P. 26(a)(2)(B), which, in turn, requires production of an expert report. *Id.* at 315. The Court also considered and rejected the plaintiffs' argument that their noncompliance was substantially justified due to the state of discovery.

> Although the court can imagine circumstances under which a discovery dispute might constitute substantial justification for not filing a timely expert report, this is not such a case.

5

*Id.* at 317. In rejecting the plaintiffs' lack-of-discovery excuse, the Court indicated that it was "particularly troubled by the after-the-fact character of the [plaintiffs'] discovery complaints, as well as the length of the delay." *Id.*

Plaintiffs in the instant action apparently did not inquire regarding Defendants' failure to respond to discovery until eight months after the discovery requests were served. Plaintiffs' request to extend the deadline for identifying its experts was not filed until six days before the deadline, and their discovery requests were apparently not filed until 30 days *after* the deadline. Plaintiffs' failure to timely obtain discovery, which they claim was necessary to prepare their expert witnesses' reports, results from their failure to timely serve discovery requests after the case was removed to federal court, or otherwise object to Wachovia's failure to respond to the state court discovery requests. Plaintiffs' attempt to blame Defendants for their discovery failure is misplaced.[6]

In summary, the Court concludes that Plaintiffs' failure to timely disclose their expert witnesses -- complete with expert reports -- as required by Local Rule 26.1.b and FED. R. CIV. P. 26(a)(2)(B), was not "substantially justified." Plaintiffs failure to comply can be traced directly to their own inaction.

### C. Was Plaintiffs' failure to comply "harmless?"

Even though the Court has concluded that Plaintiffs' failure to timely disclose their expert witnesses in compliance with the Rules was not substantially justified, the testimony of the witnesses should nonetheless be permitted if the Court finds that "such failure is harmless." *See* Fed. R. Civ. P. 37(c)(1). Plaintiffs have apparently now

---

[6] In their Resistance, Plaintiffs also note that "[t]he defendants did not attempt to serve the plaintiffs with written discovery requests until August 24, 2009." Docket number 65 at 3. Plaintiffs concede, however that "the parties had no formal agreement or stipulation regarding discovery requests and responses," *id.* at n.3, and fail to explain why Defendants' delay in serving written discovery requests in any way impeded Plaintiffs from seeking appropriate discovery.

provided the reports of two experts, and argue that their failure to comply with the disclosure deadline should be excused because it was "harmless." According to their resistance to the instant motion, a written report from their economic expert was provided to Defendants "contemporaneously with this filing" and a report from their industry expert (Timothy Lyle) "is anticipated prior to the end of this week."[7] Defendants acknowledge in their reply that they have now received reports from two of Plaintiffs' three experts, albeit more than 60 days late and allegedly "incomplete."[8] One report was received on August 31 and the other received on September 1 (the day Defendants were required to identify their expert witnesses).[9]

Defendants argue that they are prejudiced by Plaintiffs' failure to timely provide their experts' reports, citing their own experts' disclosure deadline of September 1. Plaintiffs note that the deadline for completion of discovery is not until December 1, the dispositive motions deadline is January 1, 2010, and the trial is not scheduled until May 17, 2010. Plaintiffs argue that an extension of Defendants' disclosure deadline will prevent any harm to Defendants, and will not affect the remaining pretrial deadlines. *Compare*, *Benedict*, 232 F.R.D. at 318-319 (finding the defendant was prejudiced when the plaintiffs did not disclose their expert until *after* the dispositive motions deadline had passed, and after the defendant had relied on the plaintiffs' failure to disclose in seeking summary judgment); *Dunaway v. McCollister & Co.*, 2009 WL 349154 at *2 (N.D. Iowa 2009)(finding the late disclosure was not harmless when the defendant had filed a motion for summary judgment based, in part, on the plaintiff's not having disclosed an expert witness on causation).

---

[7] *See* Plaintiffs' Resistance, par. 14 at 5-6 (docket number 65 at 5-6).

[8] See Defendants' Reply at 1 (docket number 69 at 1).

[9] *Id.*

7

The Courts have long-recognized the importance of compliance with pretrial orders. "Adherence to progression order deadlines is critical to achieving the primary goal of the judiciary: 'to serve the just, speedy, and inexpensive determination of every action.'" *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (quoting FED. R. CIV. P. 1). Furthermore, "'[t]he power of the trial court to exclude exhibits and witnesses not disclosed in compliance with its discovery and pretrial orders is essential' to the judge's control over the case." *Boardman v. National Medical Enterprises*, 106 F.3d 840, 843 (8th Cir. 1997) (quoting *Admiral Theatre Corp. v. Douglas Theatre Co.*, 585 F.2d 877, 897-98 (8th Cir. 1978)). Nonetheless, "the district court's discretion narrows as the severity of the sanction or remedy it elects increases." *Wegener v. Johnson*, 527 F.3d. 687, 692 (8th Cir. 2008). "[A] trial court should not adhere blindly to the letter of the order 'no matter what the reason' for a party's non-compliance." *Dabney v. Montgomery Ward & Co., Inc.*, 692 F.2d 49, 52 (8th Cir. 1982).

After carefully considering the facts and circumstances in this case, the Court concludes that Plaintiffs' failure to comply with the Scheduling Order and applicable rules was "harmless" within the meaning of FED. R. CIV. P. 37(c)(1). Defendants received written reports from two of Plaintiffs' experts on August 31 and September 1. The Court concludes that if Defendants deadline for disclosure of experts is extended to November 1, then they will not suffer any harm by Plaintiffs' late disclosures. The deadline for disclosure of Plaintiffs' rebuttal experts will be extended to November 15. The discovery deadline, dispositive motions deadline, and trial date will remain unaffected.

### ORDER

IT IS THEREFORE ORDERED as follows:

1. The motion to strike (docket number 64) filed by Defendants on August 13, 2009 is **DENIED**.

2. The deadline for Defendants to disclose their expert witnesses is **EXTENDED** to November 1, 2009.

3. The deadline for Plaintiffs to disclose their rebuttal experts, if any, is **EXTENDED** to November 15, 2009.

4. The discovery deadline (December 1, 2009), dispositive motions deadline (January 1, 2010), and trial date (May 17, 2010) remain unchanged. *The parties are reminded that they are required to strictly comply with these deadlines. No extensions will be granted.*

Dated this 6th day of October, 2009.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA