IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

|  |  |
|---|---|
| THOMAS M. and NANCY N. MCGRAW, DONALD HARMS, PATRICIA PESTKA, and DALE MONTROSS,<br><br>Plaintiffs,<br><br>vs.<br><br>WACHOVIA SECURITIES, LLC, as Successor-in-Interest to AG Edwards, Inc., KAREN BALLHAGEN, and WELLS FARGO INVESTMENT GROUP, INC., as Successor-In-Merger to SECURITIES CORPORATION OF IOWA,<br><br>Defendants. | No. C08-2064<br><br>ORDER DENYING SECOND MOTION TO STRIKE |

This matter comes before the Court on the Second Motion to Strike Plaintiffs' Experts (docket number 80) filed by Defendants Wachovia Securities, LLC and Wells Fargo Investment Group, Inc. on December 1, 2009; the Resistance (docket number 82) filed by the Plaintiffs on December 18, 2009; and the Reply (docket number 83) filed by Defendants on December 22, 2009. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

*I. BACKGROUND FACTS AND PROCEEDINGS*

Plaintiffs initially filed a Petition at Law in the Iowa District Court for Black Hawk County. The action has proceeded by fits-and-starts since being removed to the United

States District Court for the Northern District of Iowa on October 28, 2008.[1] The case is set for a jury trial before Chief Judge Linda R. Reade on May 17, 2010.

For the second time, Defendants ask that Plaintiffs not be allowed to use expert witnesses for any purpose, as a consequence of Plaintiffs' alleged failure to comply with the FEDERAL RULES OF CIVIL PROCEDURE. Specifically, Defendants ask that the Court strike the three expert witnesses disclosed by Plaintiffs – Timothy J. Lyle, Alan D. Ryerson, and James D. Nalley – and not allow the witnesses "to supply evidence on a motion, at a hearing, at trial, or otherwise." Plaintiffs deny that they failed to comply with the applicable rules and, alternatively, argue that the sanction sought by Defendants is not justified under the circumstances.

### A. Defendants' First Motion to Strike

In the Scheduling Order and Discovery Plan filed on March 24, 2009, the Court established a July 1, 2009 deadline for disclosure of expert witnesses by Plaintiffs. Six days prior to that deadline, Plaintiffs filed an unresisted motion to continue the trial and extend the pretrial deadlines. The motion was denied. On July 1, 2009, Plaintiffs filed an expert witness designation, identifying Timothy J. Lyle, Alan D. Ryerson, and James D. Nalley as expert witnesses.[2] However, Plaintiffs did not produce any reports at that

---

[1] Wachovia Securities, LLC, as the successor-in-interest to the original named Defendant, AG Edwards & Sons, Inc., filed a motion to dismiss on December 4, 2008. After Plaintiffs filed an amended complaint, however, the motion to dismiss was denied as moot. Wachovia then filed a motion to dismiss the amended complaint. Plaintiffs subsequently filed a second amended complaint, and Defendants' second motion to dismiss was again denied as moot. Both Defendants then filed motions to dismiss the second amended complaint. Those motions were granted in part and denied in part by the Court on September 10, 2009.

This case has also been characterized by repeated requests for extensions filed by the parties, as chronicled in the Court's Order Denying Motion for Extension of Time (docket number 46) filed on May 5, 2009.

[2] Plaintiffs filed the expert witness designation with the Clerk of Court. *See* docket
(continued...)

2

time setting forth the experts' opinions, in violation of FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2)(B). On August 13, 2009, Defendants filed a motion to strike Plaintiffs' experts.

On October 6, 2009, the Court entered a ruling denying Defendants' motion to strike. While the Court concluded that Plaintiffs had failed to comply with FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2)(B) and Local Rule 26.b, and that Plaintiffs' failure to comply was not "substantially justified," it concluded nonetheless that Plaintiffs' failure to comply was "harmless." *See* FED. R. CIV. P. 37(c)(1). The Court extended Defendants' deadline for disclosure of their expert witnesses to November 1, 2009, but specifically indicated that "[t]he discovery deadline (December 1, 2009), dispositive motions deadline (January 1, 2010), and trial date (May 17, 2010) remain unchanged."

### B. Defendants' Second Motion to Strike

In their instant second motion to strike, Defendants claim that "Plaintiffs failed to make their expert witnesses available for deposition by the Court-imposed deadline for completion of discovery," and Plaintiffs should not be allowed to use the testimony of the expert witnesses for that reason.[3] Plaintiffs argue that Defendants intentionally delayed making a request to take the experts' depositions until shortly before the discovery deadline in an effort to "set up" Plaintiffs.

Apparently, the first discussion between counsel regarding depositions of Plaintiffs' experts occurred on October 29, some 33 days prior to the deadline for completion of

---

[2](...continued)
number 58. The Clerk of Court properly entered a notation indicating that "this is discovery material and should not be filed electronically."

[3] Defendants' second motion to strike Plaintiffs' experts refers to the three expert witnesses initially identified by Plaintiffs – *i.e.*, Timothy J. Lyle, Alan D. Ryerson, and James D. Nalley. Apparently, however, Plaintiffs have never provided a written report for Ryerson, as required by Rule 26(a)(2)(B), and no longer intend to call him as an expert witness. In their resistance to the motion to strike, Plaintiffs make no reference whatever regarding Ryerson.

discovery. According to Defendants, in a telephone conversation on that date, "Defendants asked Plaintiffs for specific dates to take the Plaintiffs' depositions and also stated that, after the deposition of Plaintiffs, Defendants intended to depose Plaintiffs' experts." *See* Defendants' Memorandum at 3 (docket number 80-1 at 3). Plaintiffs assert that the "off-hand statement" occurred in the course of discussions concerning the scheduling of depositions of the Plaintiffs, and "there was no further discussions [*sic*] or a request for potential deposition dates." *See* Plaintiffs' Brief at 3 (docket number 82-1 at 3). In an email dated November 6, Plaintiffs' counsel confirmed that the five Plaintiffs would be deposed on November 19 and 20.[4]

Following the general discussion on October 29 of Defendants' intent to depose Plaintiffs' experts, counsel did not discuss the issue further until November 17 – just 14 days prior to the deadline for completion of discovery. In an email sent at 6:07 PM on that date, Defendants' counsel advised Plaintiffs' counsel that he left a message earlier regarding "the remaining issues on our golden rule letter." The email provides further: "Also, please provide us as soon as possible with available dates to take depositions of Plaintiffs' experts."[5] The email, sent by attorney Timothy McFarlin, was addressed to attorney Kimberly Knoshaug and was opened on the morning of November 18. Ms. Knoshaug called Mr. McFarlin and left a voicemail indicating that she was in depositions that day, and suggested that he contact attorney Peter Cannon. Mr. McFarlin then called Mr. Cannon, leaving a voicemail. Mr. McFarlin followed up with an email at 10:49 AM on November 18, indicating that he would like to discuss the items identified in the November 17 email "as soon as possible."[6] According to Plaintiffs' brief, Mr. Cannon returned Mr. McFarlin's call and left a voicemail, explaining that he would

---

[4] *See* Plaintiffs' Brief, Exhibit 1 (docket number 82-2 at 2).

[5] *See* Defendants' Declaration, Exhibit A (docket number 80-3).

[6] *See* Defendants' Declaration, Exhibit B (docket number 80-4).

4

be meeting with clients (in fact, the Plaintiffs).[7] Mr. McFarlin responded with an email at 1:34 PM, but makes no reference to deposing Plaintiffs' experts.[8]

As previously agreed by the parties, the depositions of Plaintiffs started on the following day, November 19. Inexplicably, counsel did not discuss at that time the scheduling of Plaintiffs' experts' depositions. On Friday, November 20, while the depositions were ongoing, Mr. McFarlin sent an email to Plaintiffs' counsel stating: "Just following up on the e-mail below."[9] However, the "e-mail below" makes no reference to the depositions of expert witnesses. Rather, it refers to the "golden rule letter" and completion of certain release authorization forms. Mr. Cannon responded as follows: "Still in depos[.] Blame mike[.]"[10] (Defendants were represented at the depositions by attorney Michael Clithero.)

On Monday, November 23, Mr. McFarlin sent Plaintiffs' counsel another email asking, among other things, that Plaintiffs "[p]lease e-mail us available dates for expert depositions. . . ."[11] Plaintiffs' brief asserts that "[t]he defendants neglect to attach a reply e-mail advising them that the undersigned was out of the office on November 23, 2009."[12] On the following day, November 24, Defendants served Plaintiffs with notices to take the depositions of Plaintiffs' experts on December 1 (the deadline for completion of

---

[7] See Plaintiffs' Brief at 4 (docket number 82-1 at 4).

[8] See Defendants' Declaration, Exhibit C at 1-2 (docket number 80-5 at 1-2).

[9] See Defendants' Declaration, Exhibit C (docket number 80-5).

[10] Id.

[11] Id.

[12] See Plaintiffs' Brief at 5 (docket number 82-1 at 5). The reference to "the undersigned" is apparently to Mr. Cannon. The Court has searched the exhibits and apparently Plaintiffs also "neglect[ed] to attach" the reply email referenced in the brief.

discovery).[13] In the cover letter accompanying the deposition notices, defense counsel states:

> I enclose notices of deposition for each of the Plaintiffs' designated experts in the above-referenced case. We have made several requests to you for available dates for these depositions, but have not heard from you regarding the same. As the discovery cut-off in this case is approaching, we felt it necessary to send these notices out now. If the dates and/or times stated in the attached notices are not feasible, however, we are still willing to work with you regarding possible alternatives.

*See* Defendants' Declaration, Exhibit D (docket number 80-6). In an email sent on November 25, Plaintiffs' counsel advised Defendants' counsel that their experts "are not available on Tuesday [December 1]."[14] In an email sent later that afternoon, Defendants' counsel advised Plaintiffs' counsel that "in light of the Court's clear and repeated statements that it expects the parties to observe the deadlines set by the Court, we do not feel comfortable agreeing to an extension of a Court-imposed deadline without the Court's approval."[15]

The documentation submitted by the parties does not reflect any contact between counsel from November 25 (the day before Thanksgiving) until Tuesday, December 1. At 12:36 PM on December 1, Plaintiffs' counsel sent an email to Defendants' counsel, stating that Lyle was available for a deposition on December 8 or 10, while Nalley was not available until the last week of December. (The instant Second Motion to Strike was filed by Defendants approximately three hours later.) Because Defendants' counsel was

---

[13] *See* Defendants' Declaration, Exhibit D (docket number 80-6).

[14] *See* Plaintiffs' Brief, Exhibit 4 (docket number 82-2 at 13).

[15] *See* Defendants' Declaration, Exhibit E (docket number 80-7).

unavailable on the 8th or 10th, it was subsequently agreed that Lyle's deposition would be taken on December 18.[16] Nalley's deposition was scheduled for December 29.

## II. DISCUSSION

FEDERAL RULE OF CIVIL PROCEDURE 26(b)(4)(A) permits a party to depose any person who has been identified as an expert whose opinions may be presented at trial. Here, Defendants claim that Plaintiffs have failed to produce their expert witnesses for deposition prior to the discovery deadline and, therefore, should be prohibited from relying upon those experts for any purpose. FEDERAL RULE OF CIVIL PROCEDURE 37(c) authorizes the imposition of sanctions for failure to provide appropriate discovery, including prohibiting the disobedient party from introducing designated matters in evidence. The Court also "has discretion to impose a sanction under its inherent disciplinary power." *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 280 (8th Cir. 1995). Plaintiffs argue that Defendants did not seek a deposition date until 13 days prior to the discovery deadline and that granting Defendants' motion would be tantamount to dismissing the action.[17]

Defendants' counsel first notified Plaintiffs' counsel on October 29 – just 33 days prior to the deadline for completion of discovery – that they "intended to depose Plaintiffs' experts." At that time, Defendants' counsel asked Plaintiffs' counsel for "specific dates to take the Plaintiffs' depositions." Significantly, however, Defendants did not ask Plaintiffs for specific dates to take the depositions of Plaintiffs' experts. That request did not come until the evening of November 17 – just 14 days prior to the discovery deadline.

---

[16] In their reply memorandum, Defendants assert that Plaintiffs did not provide Lyle with certain documents until two days prior to the deposition, and that Defendants are prejudiced by Lyle's lack of preparation.

[17] Plaintiffs concede that "[w]ithout expert witnesses, the plaintiffs almost certainly could not generate a fact question." *See* Plaintiffs' Brief at 7 (docket number 82-1 at 7).

Plaintiffs' counsel and Defendants' counsel were together on November 19 and 20 while Plaintiffs were deposed. For reasons unknown to the Court, however, counsel apparently made no effort to agree on, or even discuss, possible dates for taking the depositions of Plaintiffs' experts. On the following Monday, November 23, Defendants again asked Plaintiffs' counsel for available dates to take the experts' depositions. That request came eight days prior to the deadline, with the Thanksgiving holiday intervening.

Here, the parties failed to complete their discovery, including the depositions of Plaintiffs' experts, by the December 1, 2009 deadline established by the Court. In determining what sanction, if any, may be appropriate under these circumstances, the Court must consider "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). After carefully considering the facts and circumstances surrounding the failure to take the depositions of Plaintiffs' experts prior to the discovery deadline, the Court concludes that the motion to strike should be denied. "Exclusion of evidence is a harsh penalty, and should be used sparingly." *ELCA Enters. v. Sisco Equip. Rental & Sales*, 53 F.3d 186, 190 (8th Cir. 1995). The parties' failure to complete discovery by the deadline cannot be attributed solely to Plaintiffs. Defendants share responsibility for failing to seek available dates until the deadline was looming. Striking Plaintiffs' experts would eviscerate their action and, under the circumstances presented here, constitute an abuse of discretion. *See Heartland Bank v. Heartland Home Fin., Inc.*, 335 F.3d 810, 817 (8th Cir. 2003) (where exclusion of evidence was tantamount to dismissal of claims, the district court should have considered lesser sanctions); *Dunning v. Bush*, 536 F.3d 879, 890 (8th Cir. 2008) ("The district court should have considered a lesser sanction, if any, before imposing one that resulted in the dismissal of a claim.").

### III. ORDER

IT IS THEREFORE ORDERED that the Second Motion to Strike Plaintiffs' Experts (docket number 80) filed by Defendants on December 1, 2009 is hereby **DENIED**.[18]

DATED this 29th day of December, 2009.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

---

[18] It is assumed by the Court, however, that Plaintiffs have abandoned their intent to call Alan D. Ryerson as an expert.