# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| THOMAS M. McGRAW, NANCY N. McGRAW, DONALD HARMS, PATRICIA PESTKA and DALE MONTROSS,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>WACHOVIA SECURITIES, LLC, as successor in interest to AG EDWARDS, INC., KAREN BALLHAGEN and WELLS FARGO INVESTMENT GROUP, INC., as successor in merger to SECURITIES CORPORATION OF IOWA,<br><br>　　　　　Defendants. | No. 08-CV-2064-LRR<br><br>**ORDER** |

_____

The matter before the court is the Partial Motion for Summary Judgment ("Motion") (docket no. 86), filed by Plaintiffs Nancy N. McGraw, Thomas M. McGraw, Donald Harms, Patricia Pestka and Dale Montross. In conjunction with their Resistance (docket no. 101) to the Motion, Defendants Wachovia Securities, LLC and Wells Fargo Investment Group, Inc., filed a "Response to Plaintiffs' Statement of Undisputed Facts Regarding [the Motion]" ("Response") (docket no. 101-1).

The Response suffers from numerous fatal flaws. First, the Response fails to comply with Local Rule 56(b). Local Rule 56(b) requires a party to file "[a] response to the statement of material facts in which the resisting party expressly admits, denies, or qualifies each of the moving party's numbered statements of fact[.]" LR 56(b). The Response fails to admit, deny or qualify Plaintiffs' Statement of Material Facts. Instead,

Defendants state that they "are not required to admit or deny" Plaintiffs' Statement of Material Facts. As Plaintiffs point out, Defendants make this claim 87 times in their Response.

Second, Defendants categorically deny almost all of Plaintiffs' Statements of Material Fact without providing appropriate citations to the appendix that support such a denial. This violates a different portion of Local Rule 56(b), which states:

> A response to an individual statement of material fact that is not expressly admitted must be supported by references to those specific pages, paragraphs, or parts of the pleadings, depositions, answers to interrogatories, admissions, exhibits, and affidavits that support the resisting party's refusal to admit the statement, with citations to the appendix containing that part of the record.

LR 56(b).

Third, Defendants have raised discovery-based objections in the Response. *See, e.g.*, Response at ¶ 29 (stating that "Defendants are not required to admit or deny these 'facts' because [. . .] the 'facts' are not material to [the Motion]," "Defendants are without sufficient information to either admit or deny any of the 'facts' in this paragraph" and "[t]o the extent that a further response is required, Defendants deny any and all other 'facts'"). Defendants' boiler-plate discovery objections are inappropriate, irrelevant and unnecessary in summary judgment proceedings.

Fourth, Defendants raise baseless evidentiary arguments in an effort to avoid their duty to respond to certain statements of material fact. More specifically, Defendants argue that they are not required to admit or deny any facts contained in a deposition transcript because the deposition transcript is not authenticated. Such authentication is not required, because Federal Rule 56(c) expressly permits the court to rely on "discovery," in addition to "affidavits," to determine whether there are any genuine issues of material fact. *See* Fed. R. Civ. P. 56(c) ("The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine

issue as to any material fact[.]"). Deposition transcripts are "discovery" and may be considered without authentication. *See Van Horn v. Best Buy Stores, L.P.*, 526 F.3d 1144, 1147 (8th Cir. 2008) (stating that the court may "accept[] as authentic the pages in the appendix that appear to be from [the plaintiff's] deposition, including the deposition's cover page."); *see also* LR 56(e) (requiring that deposition transcripts in a summary judgment appendix "must be prefaced by the deposition cover page, and must indicate the identity of the questioner and whether the excerpt is from direct examination, cross-examination, or redirect examination"). Plaintiffs' deposition transcripts comply with the Local Rules. Defendants had no basis to refuse to respond to statements of material fact that cite to these deposition transcripts.

The Northern District of Iowa carries a very heavy docket. As a result of Defendants' subversion of the Local Rules and the Federal Rules of Civil Procedure, Defendants have caused the court to waste valuable time and resources on baseless objections. In a typical summary judgment proceeding, the court would strike the Response and deem all of Plaintiffs' Statements of Material Facts admitted. However, due to the interrelated nature of the parties' cross-motions for summary judgment, such a ruling would only further complicate the record.

Accordingly, the court **DIRECTS** Defendants to file an amended Response on or before **5:00 p.m. on Thursday, February 25, 2010**. Defendants are **DIRECTED** to read Federal Rule of Civil Procedure 56 and Local Rule 56 and file their amended Response in a manner consistent with those rules. In filing their amended Response, Defendants may not cite to any facts that are not clearly set forth in the existing appendices. That is, Defendants may not supplement the facts in the record.

**IT IS SO ORDERED.**

**DATED** this 24th day of February, 2010.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA